**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

------------------------------------------------------------------------X

JESSE BOWIE, III,

Civil Action No.

Plaintiff,

-against-

SP INDUSTRIES, INC.,
SP SCIENTIFIC, and SHERRY FEDORKO,

Defendants.

------------------------------------------------------------------------X

## COMPLAINT

Plaintiff, Jesse Bowie, III, by and through his undersigned counsel, hereby files the instant Complaint against Defendants SP Industries, Inc., dba SP Scientific and Sherry Fedorko, and respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA" and also referred to as the "State Cause of Action"), and 42 U.S.C. §1981 ("Section 1981), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of his race, African American.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jesse Bowie III<br>5255 N. Howard Stret, Phila., PA 19120 | SP Industries, Inc. dba SP Scientific, and Shelly Fedorko |

| (b) County of Residence of First Listed Plaintiff  Philadelphia<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  Bucks<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
|---|---|
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Christopher R. Booth, Jr., Esquire<br>1835 Market Street, Suite 2950, Phila., PA 19103 | Attorneys *(If Known)*<br>Asima J. Ahmad, Esq., Blank Rome<br>One Logan Sq., 130 N. 18th St., Phila., PA 19103 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[x] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, Section 1981

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
11-15-2020

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **5255 N. Howard Street, Philadelphia, PA 19103**

Address of Defendant: **935 Mearns Road, Warminster, PA 18974**

Place of Accident, Incident or Transaction: **935 Mearns Road, Warminster, PA 18974**

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **11-15-2020**  *(signature)*  Attorney-at-Law / Pro Se Plaintiff   **59395** Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A. Federal Question Cases:**
- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Christopher R. Booth, Jr.**, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: **11-15-2020** *(signature)* Attorney-at-Law / Pro Se Plaintiff **59395** Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**JURISDICTION AND VENUE**

2. Jurisdiction of this action is conferred upon this Court as this action involves a federal question under Title VII of the Civil Rights Act and Section 1981. The Court also has supplemental jurisdiction over the State Cause of Action.

3. Venue is proper in this district based upon Defendants' principal place of business within the Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania.

**THE PARTIES**

4. Plaintiff, Jessee Bowie (hereinafter referred to as "Plaintiff") is seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated and retaliated against by his employer on the basis of his race.

5. Plaintiff is a Black/African-American male who is a resident of Philadelphia, Philadelphia County, within the Commonwealth of Pennsylvania.

6. Defendant, SP Industries, Inc. dba SP Scientific (hereinafter referred to as "Defendant or SP") was and continues to be an international and domestic for-profit business with its company's headquarters located at 935 Mearns Road, Warminster, PA 18974.

7. SP is a leading designer and manufacturer of state-of-the-art laboratory equipment, pharmaceutical manufacturing solutions, laboratory supplies and instruments, and specialty glassware.  SP has three flagship brands – SP Scientific, SP Scienceware, and SP Ableware.

8. Defendant Shelly Federko (hereinafter referred to as "Defendant Fedorko") was employed by Defendant SP as a Supply Chain Manager and had hiring, supervisory, and disciplinary/firing authority over Plaintiff.

2

## MATERIAL FACTS

9.  On or about July 1, 2016 Plaintiff was hired by SP as a Shipping Clerk for SP's Manufacturing Department

10. In this role, Plaintiff is responsible for, among other duties, maintaining shipping records, handling paperwork associated with shipping duties, checking products for defects and accuracy, verifying that orders are accurate, and pulling, packaging, and shipping finished goods.

11. Plaintiff's immediate supervisor was initially Chris Beatty, Supply Chain Manager.

12. In or around April 2017, Mr. Beatty was replaced by Defendant Fedorko as Plaintiff's immediate supervisor.

13. At all times material hereto, Plaintiff met the performance expectations of his position.

14. In fact, prior to Defendant Fedorko becoming Plaintiff's supervisor, Plaintiff received a performance evaluation indicating that he exceeded expectations.

15. In or around June 2017, shortly after Defendant Fedorko became Plaintiff's supervisor, Defendant Fedorko began to make comments that her family "hates black people" and that she was raised to hate black people as well.

16. Defendant Fedorko made such comments during the course of her supervision of Plaintiff and other African American employees.

17. Moreover, Defendant Fedorko referred to Plaintiff and other African American employees as "punks."

18. On or around March 26, 2018, Defendant Fedorko issued Plaintiff a Notice of Employee Rule Violation and Company Warning ("Disciplinary Notice") for allegedly being responsible for some shipping errors in the Manufacturing Department three months earlier on January 2018.

19. Defendant Fedorko did not issue any other discipline to other non-Black employees for the alleged errors which purportedly supported the Disciplinary Notice.

20. Immediately after Plaintiff received the Disciplinary Notice, Plaintiff complained to SP's Human Resources Department that Defendant Fedorko had a consistent pattern of treating him in a discriminatory and disparate manner, particularly relating to the handling of work requests and orders.

21. In April 2018, SP's Human Resources Department conducted an investigation into Defendant Fedorko's management style and her propensity to expect others to perform her work duties.

22. As part of the investigation into Defendant Fedorko's management style and conduct, Plaintiff again complained about how Defendant Fedorko held Plaintiff solely responsible and accountable for shipping errors caused by other non-African American employees.

23. In addition, Plaintiff informed SP Human Resources Department's investigators that he specifically overheard Defendant Fedorko tell a former African American employee that he should not attend a family gathering that she was hosting because her father would be there and that her father did not like black people.

24. On April 10, 2018, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination as set forth in this Complaint (the "EEOC Charge").

25. After Plaintiff filed the EEOC Charge, SP's Human Resources Department completed its investigation and concluded that Defendant Fedorko improperly issued Plaintiff the Disciplinary Notice and that the issues documented in the Disciplinary Notice were caused by a combination of errors by multiple people, not just Plaintiff.

26. Accordingly, SP's Human Resources Department corroborated Plaintiff's complaint that Defendant Fedorko improperly held him solely accountable for the shipping errors documented in the Disciplinary Notice.

27. As a result, SP retracted the Disciplinary Notice relating to the shipping errors.

28. To be clear, Defendant Fedorko did not issue any other non-black employees any disciplinary notice for

the shipping errors she solely blamed Plaintiff.

29. However, although SP retracted the Disciplinary Notice, SP's Human Resources Department issued Plaintiff another updated disciplinary warning for Plaintiff's alleged "unprofessional communication" for complaining about Defendant Fedorko's baseless, improper and unfair conduct towards Plaintiff.

30. Defendant Fedorko had expressed that she would do everything she could to force Plaintiff to resign from SP.

31. In fact, Defendant Fedorko had forced another African American employee to resign from SP and intended to do the same with Plaintiff.

32. In addition to the above, Defendant Fedorko made other improper statements to Plaintiff and another African American, including, but not limited to, the following:

    a. Defendant Fedorko stated that she was going to get a "pig tattooed on her ass (specifically her right butt cheek) and going to send a picture to Plaintiff and his African American male co-worker;

    b. Defendant Fedorko told Plaintiff and his African American male co-worker that she gets drunk and will just pee in public;

    c. Defendant Fedorko told Plaintiff and his African American male co-worker that she had "not been laid in two years and she hopes that this is the year it happens";

    d. Defendant Fedorko made sexual references to her boss over email for the other employees to see;

    e. Defendant called Plaintiff and other employees a "bunch of punks" in email; and

    f. Defendant Fedorko would openly flirt with employees in meeting.

33. Defendant Fedorko had a pattern and practice of making sexually suggestive comments to Plaintiff and other African American male employees which was known to SP.

5

34.  At all times material, SP knew about Defendant Fedorko's discriminatory and improper treatment of African American employees, but it did nothing.

35.  As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

36.  As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against Defendants.

37.  The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION AND HOSTILE WORK ENVIRONMENT
## UNDER TITLE VII

38.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

39.  Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

40.  Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating and retaliating against Plaintiff because of his race, African-American.

41.  Defendants created a hostile work environment for Plaintiff.

42.  Defendants retaliated against Plaintiff for complaining about the above discrimination and filing the EEOC Charge.

6

**AS A SECOND CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

44. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

45. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race, African-American, retaliating against him, and creating a hostile work environment.

46. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA §955.

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or

7

coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

49.   Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory and retaliatory conduct.

### AS A FOURTH CAUSE OF ACTION PURSUANT TO SECTION 1981

50.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

51.   Plaintiff, as an African American male, is a member of a protected class, and thus, subject to the protections under Section 1981.

52.   By the conduct described above, Defendants intentionally deprived Plaintiff of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual employment relationship with CBS, in violation of 42 U.S.C. §1981.

53.   Defendants retaliated against Plaintiff in violation of Section 1981.

54.   Defendants' actions and omissions were also malicious, reckless, callous and deliberately indifferent to Plaintiff's federally protected rights and shocks the conscience.

55.   Defendants acted in concert and joint action with each other.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

8

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, compensatory damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief in law or equity as the Court deems just and proper, including injunctive relief.

By: */s/ Christopher R. Booth, Jr.*
Christopher R. Booth, Jr., Esq.
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
(215) 518-6683
christopher@theboothlawfirm.com

Dated:  November 15, 2020